UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Miguel Guerrero,<br><br>       Petitioner,<br><br>       v.<br><br>Duane MacEachern,<br><br>       Respondent. | Civil Action No. 10-10747-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                          April 27, 2011

### I. Introduction

Petitioner Miguel Guerrero ("Guerrero") filed a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 alleging eight separate grounds for relief. Respondent Duane MacEachern ("Superintendent"), Superintendent of the Massachusetts Correctional Institution in Shirley ("MCI-Shirley"), alleges that Guerrero has failed to exhaust his state-court remedies as to six of his eight grounds for relief and moves to dismiss the Petition to allow Guerrero to do so. For the reasons set forth below, the Superintendent's Motion to Dismiss is GRANTED.

### II. Background

#### A. Indictment and Arrest

Guerrero was indicted on June 21, 1999 for selling over 28 grams of cocaine to an undercover police officer within one hundred feet of a public park. Guerrero did not appear for trial. He defaulted on March 13, 2000 and a warrant issued. He was not found and brought to court until February 26, 2007.

1

**B. Proceedings before the Trial Judge**

In court proceedings immediately prior to trial, prosecutors informed Guerrero's counsel that the cocaine purchased from Guerrero in June 1999 had been destroyed by the Narcotics Inspection Unit on August 17, 2005. Citing the destruction of the evidence at issue, Guerrero moved to dismiss the indictments against him. The trial judge denied the motion. The trial proceeded and Guerrero was convicted on October 12, 2009.[1] Guerrero filed a post-conviction motion for a new trial on grounds relating to a letter provided to him by a handwriting expert; Guerrero argued that the handwriting expert would offer testimony undermining the credibility of a certificate of drug analysis introduced at trial by the prosecution. The trial judge denied the motion.

**C. State Appellate Proceedings**

Guerrero appealed his convictions and the denial of his new trial motion to the Massachusetts Appeals Court. See Commonwealth v. Guerrero, 76 Mass. App. Ct. 1113, 922 N.E.2d 179 (2010) (Table). His appeal raised eight issues.[2] The appellate court rejected each issue raised and affirmed

---

[1] In addition to the drug charges, Guerrero was also convicted of possessing a false license to operate a motor vehicle. See Commonwealth v. Guerrero, 76 Mass. App. Ct. 1113, 922 N.E.2d 179 at *1 n.1 (2010) (Table). Guerrero did not appeal from that conviction, id., and it is not at issue in this habeas action.

[2] The eight issues were: 1) the trial judge erroneously denied Guerrero's motion to dismiss based on the destruction of evidence; 2) the admission of a photocopy of a certificate of drug analysis violated the best evidence rule and Guerrero's right to a fair trial; 3) the trial judge violated Guerrero's due process rights under state and federal law by improperly questioning a witness and instructing the prosecution on how to lay a proper foundation; 4) the evidence was insufficient to support a conviction for distributing a controlled substance within one hundred feet of a public park; 5) the trial judge erroneously declined to give a jury instruction on missing evidence; 6) the trial judge's response to a jury question was confusing and prejudicial; 7) the trial judge should have granted Guerrero's motion for a new trial based on newly-discovered handwriting evidence and ineffective assistance of counsel; and 8) even if the seven previously enumerated claims, taken individually, were insufficient to justify a new trial, taken cumulatively they justified a new trial.

Guerrero's convictions. Id. Guererro then filed an application for leave to obtain further appellate review (an "ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"). The ALOFAR raised eight issues similar to those presented to the Appeals Court. On March 31, 2010, the SJC denied Guererro's ALOFAR without comment. Commonwealth v. Guerrero, 456 Mass. 1104, 925 N.E.2d 547 (2010) (Table). Guerrero's conviction became final on June 29, 2010, when the time for Guerrero to file a petition for certiorari with the United States Supreme Court elapsed. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

**D. Habeas Proceedings**

Guerrero filed the instant habeas Petition on April 26, 2010. The Petition asserts eight Grounds for Relief:

1)   The destruction of evidence prior to trial violated due process;

2)   The admission of a photocopy of a certificate of drug analysis violated due process;

3)   The trial judge assumed the role of the prosecutor in violation of due process;

4)   The evidence was insufficient to support a conviction for distributing a controlled substance within one hundred feet of a public park;

5)   The trial judge's decision not to give a jury instruction on destroyed evidence violated due process;

6)   The trial judge's confusing response to a jury question violated due process;

7)   The denial of Guerrero's motion for a new trial on the basis of handwriting evidence violated due process; and

8)   The cumulative effect of the above errors violated due process.

Pet. at 5-13. Guerrero checked boxes on his Petition form asserting that he raised on direct

3

appeal all eight Grounds listed in the Petition. Pet. at 6-7, 9, 11, 13.

**III. Analysis**

A habeas petitioner must exhaust his or her state court remedies regarding a given claim before bringing that claim to federal court for habeas review. 28 U.S.C. § 2254(b)(1). This exhaustion requirement implicates both the extent to which the petition made his claim fully clear, and the extent to which the petitioner took full advantage of available state review procedures.

As to the former, First Circuit "rules about what constitutes a federal issue are fairly generous" and "the ways in which a petitioner might satisfy his or her obligation . . . are myriad." Goodrich v. Hall, 448 F.3d 45, 47-78 (1st Cir. 2006). Such ways include 1) citing a specific provision of the Constitution; 2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; 3) relying on federal constitutional precedents; 4) claiming a particular right specifically guaranteed by the Constitution, and (5) raising a claim under state law that, as a practical matter, is indistinguishable from one arising under federal law. Id. "Both the factual and legal underpinnings of [the petitioner's] federal claim" must be presented in the state proceedings. Rashad v. Walsh, 300 F.3d 27, 41 (1st Cir. 2002).

As to the latter, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Massachusetts, "the typical path to habeas corpus . . . begins with an appeal to the Appeals Court by the person who ultimately becomes the habeas petitioner. If the Appeals Court resolves the appeal against the petitioner, the party may seek review in the SJC by means of an ALOFAR." Gonsalves v. Thompson, 396 F. Supp. 2d 36, 40 (D. Mass. 2005) (citing Mass. R. App. P. 27.1(b)). If a petitioner follows this path, and

4

the ALOFAR is denied, the ALOFAR is "the decisive pleading" for purposes of determining whether the petitioner has satisfied the exhaustion requirement. Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997).[3]

In cases where a petitioner presents a "mixed petition" - that is, a petition with multiple claims, some properly exhausted in state court and some unexhausted - district courts typically must "dismiss[ the] mixed petition[] without prejudice and allow[] petitioners to return to state court to present the unexhausted claims to that court in the first instance." Rhines v. Weber, 544 U.S. 269, 274 (2005).[4]

Here, the Superintendent argues that Guerrero has presented a mixed petition. The Superintendent concedes that Guerrero has exhausted the Petition's enumerated Ground One (due process claim based on destroyed evidence) and Ground Four (insufficiency of the evidence), but argues that Guerrero has failed to exhaust his remaining six Grounds. Resp. Memo. in Supp. at 6.

**A. Ground Two**

---

[3] Whether a court can look beyond the four corners of an ALOFAR to "backdrop" filings in the state intermediate appellate courts in order to determine whether an ambiguously worded ALOFAR claim has a federal basis is an open question. Janosky v. St. Amand, 594 F.3d 39, 51 n.4 (1st Cir. 2010) (holding the question open); Clements v. Maloney, 485 F.3d 158, 164-65 (1st Cir. 2007) (same); Gonsalves, 396 F. Supp. 2d at 40 (describing the process of looking to "backdrop" filings).

[4] In certain circumstances, petitioners who present mixed petitions have two alternatives to dismissal. First, if a "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," the petitioner may request that the district court stay and abey (rather than dismiss) the mixed petition while the petitioner presents the unexhausted claims in state court; it "likely would be an abuse of discretion for a district court to deny a stay" under these circumstances. Rhines, 544 U.S. at 278. Second, a petitioner may voluntarily dismiss (with prejudice) his unexhausted claims and proceed on any exhausted claims that remain. Rose v. Lundy, 455 U.S. 509, 521 (1982); Clements, 485 F.3d at 168-69.

The Petition asserts that Guerrero's right to due process was violated when the trial court admitted a photocopy of a drug certificate of analysis. Pet. at 7. The Petition supports this assertion with a factual allegation that "the certificates themselves had been tampered with" and "the photocopies of the documents were forgeries." Id. Guerrero complained about the admission of the photocopy into evidence during his state court proceedings, as well, but his position there and his position here differ in two ways. First, in state court, the sole legal basis Guerrero offered for his complaint was the state "best evidence" rule, he did not invoke the federal constitutional guarantee of due process either explicitly or implicitly. Second, in state court, Guerrero rested his claim on the factual assertion that the original certificate had been destroyed in bad faith; the instant federal Petition is the first time Guerrero has raised the factual allegations of tampering and forgery. Because the factual and legal underpinnings of Ground Two are being presented for the first time, this Ground is unexhausted.

**B. Ground Three**

The Petition asserts that Guerrero's right to due process was violated when the trial judge "exceeded her authority [and] assumed the role of the prosecutor" by "instruct[ing] the prosecution how to proceed in order to introduce damaging testimony from a prosecution witness." Pet. at 8. Guerrero did complain about the trial judge's conduct during the state post-conviction proceedings, but there he based his claim entirely on state law, never pressed constitutional due process concerns, and in his briefs cited only to state cases (none of which discuss or mention due process).[5] The legal

---

[5] Guerrero's state Appeals Court brief cited to Commonwealth v. Sneed, 376 Mass. 867 (1978); Commonwealth v. Hanscomb, 367 Mass. 726, 728 (1975); Commonwealth v. Freeman, 352 Mass. 556, 563-64 (1967); Commonwealth v. Drewnowski, 44 Mass. App. Ct. 687, 691-692 (1998); Commonwealth v. Martinez, 34 Mass. App. Ct. 131, 133 n.4 (1993); Commonwealth v. Jiminez, 22 Mass. App. Ct. 286, 293 (1986). The ALOFAR cited only to Jiminez.

6

underpinning of Ground Three is being presented for the first time and thus is unexhausted.[6]

### C. Ground Five

The Petition asserts that Guerrero's right to due process was violated when the trial judge, over Guerrero's objection, refused to issue a jury instruction regarding the destruction of drug evidence. Pet. at 12. Again, Guerrero did raise this complaint during the state post-conviction proceedings, but he never relied on the federal guarantee of due process in his ALOFAR or his arguments before the Appeals Court, and none of the cases he cited dealt with the Due Process Clause. The legal underpinning of Ground Five is being presented for the first time and thus is unexhausted.

### D. Ground Six

The Petition asserts that Guerrero's right to due process was violated when the trial judge issued a confusing and vague answer to a jury question about the definition of prima facie evidence. Pet. at 12. Again, Guerrero did raise this complaint during the state post-conviction proceedings, but he never relied on the federal guarantee of due process in his ALOFAR or his arguments before

---

[6]Guerrero did include the following heading in his brief to the Massachusetts Appeals Court: "The trial judge exceeded the proper bounds of judicial conduct when she assumed the role of the prosecutor and as such violated the Defendant's due process rights under Article Twelve of [the] Massachusetts Declaration of Rights and [the] Fourteenth Amendment to the United States Constitution." Despite this language, the section of Guerrero's brief immediately following the heading relied exclusively on state law cases discussing "whether the judge has overstepped the bounds imposed" by state law, and neither discussed nor mentioned due process under either state or federal law.

More importantly, in his subsequent ALOFAR, Guerrero did not include any reference, explicit or implicit, to due process. The ALOFAR is the decisive pleading for exhaustion purposes. Adelson, 131 F.3d at 263.

the Appeals Court.[7] The legal underpinning of Ground Six is being presented for the first time and thus is unexhausted.

**E. Ground Seven**

The Petition asserts that "[t]he trial judge erred in denying [Guerrero's] new trial [motion] where the handwriting was in question" and thus "violated Due Process, in contravention of the Fourteenth Amendment." Pet. at 12. Guerrero raised no analogous claim in his state post-conviction proceedings. Guerrero argues that this claim "flows from [Ground Six,] the ['jury question confusion['] matter, and is nothing more than a greater definition of that claim." Pet.'s Memo. in Opp. at 3-4. The Court need not evaluate this argument; even if the argument is correct, Ground Seven cannot be deemed exhausted because Ground Six is itself unexhausted.

**F. Ground Eight**

The Petition asserts that "[t]he cumulative [e]ffect of all the aforementioned errors constitute a separate and distinc[t] error" that "amount[s] to a violation of Due Process." Pet. at 13. Again, Guerrero raised no analogous claim in his state post-conviction proceedings. To the extent this claim asserts a distinct legal claim for relief, that claim has not been exhausted. Guerrero argues in his brief in opposition to the Superintendent's Motion to Dismiss that Ground Eight "is part and parcel of all the previous claims, and doesn't allege any new or different claims." Pet.'s Memo. in Opp. at 4. This is at odds with the language of the Petition, but even if Guerrero's argument were correct, the fact that multiple Grounds within the Petition are unexhausted would render Ground Eight unexhausted as well.

---

[7]Indeed, before the Appeals Court, Guerrero explicitly conceded that "the jury instructions as a whole were not constitutionally erroneous."

For the reasons stated above, Guerrero has presented a mixed petition, with Grounds One and Four properly exhausted and Grounds Two, Three, Five, Six, Seven and Eight unexhausted.

**G. Proceeding on Guerrero's Mixed Petition**

As noted above, the Court may not move forward on a mixed petition. Rhines, 544 U.S. at 274. Guerrero is entitled to voluntarily dismiss with prejudice his unexhausted Grounds for relief and proceed in this Court solely on his two exhausted Grounds.[8] See Rose, 455 U.S. at 520 (petitioners who submit mixed petitions are "entitled to resubmit a petition with only exhausted claims"); Clements, 485 F.3d at 168-69 ("district courts must . . . permit the petitioner to dismiss his unexhausted claims"). If Guerrero does not choose to dismiss his unexhausted claims, the Court would be required to dismiss without prejudice the entire mixed petition.[9] Rhines, 544 U.S. at 274.

Guerrero has not sought to voluntarily dismiss any of the Grounds in his Petition and has not requested a stay. The Court assumes he does not intend to do so. Accordingly, the Court will dismiss Guerrero's entire petition, without prejudice, to allow Guerrero to return to state court.

---

[8] If Guerrero chooses to voluntarily dismiss his unexhausted Grounds, he could proceed in this Court immediately on Ground One and Ground Four, but he would abandon any future opportunity to seek federal judicial review of his currently-asserted Grounds Two, Three, Five, Six, Seven and Eight. 28 U.S.C. § 2244(b)(2).

[9] As the Superintendent has noted, if this Court dismisses the Petition without prejudice and Guerrero returns to state court before June 29, 2011 to seek post-conviction review of Grounds Two, Three, Five, Six, Seven and Eight and fully exhausts his state court remedies with regard to those Grounds, he will be entitled to federal review of his entire Petition if he returns to federal court immediately after his state court remedies are exhausted. Resp. Memo. in Supp. at 13-14; 28 U.S.C. § 2244(d) (setting forth one-year statute of limitations and tolling provisions).

## IV. Conclusion

For the reasons discussed above, the Motion to Dismiss is GRANTED.

**So ordered.**

<u>/s/ Denise J. Casper</u>

United States District Judge